UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| PAMELA BELMONT, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 2:18-cv-4102 |
| MEDICREDIT, INC., | ) ) ) |
| Defendant. | ) ) |

## DEFENDANT MEDICREDIT, INC.'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, Defendant Medicredit, Inc. ("Medicredit"), by and through counsel, submits this Notice of Removal. In support thereof, Medicredit states the following:

1. On or about April 25, 2018, Plaintiff Pamela Belmont ("Plaintiff") initiated her civil action by filing a Petition and Jury Demand (the "Complaint") in the Thirteenth Judicial Circuit of Boone County, Missouri, styled *Pamela Belmont v. Medicredit, Inc.,* Case No. 18BA-CV01606 (the "State Court Action").

2. On April 26, 2018, Medicredit was served with Plaintiff's cause of action. Copies of the summons and other related court documents are attached as **Exhibit A**, which represent all of the documents and pleadings received by or served upon Medicredit in connection with the State Court Action.

3. Plaintiff's Complaint alleges that Medicredit violated sections of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA"). *See generally,* **Exhibit A**.

4. This Court has original jurisdiction of Plaintiff's cause of action pursuant to 28 U.S.C. § 1331 because Plaintiff's Complaint involves a federal question.

5. 28 U.S.C. § 1331 states that "[t]he district courts shall have original jurisdiction of all civil actions arising under the . . . laws . . . of the United States." 28 U.S.C. § 1331.

6. The FDCPA is a federal law of the United States. *See e.g.*, *Quinn v. Ocwen Fed. Bank FSB*, 470 F.3d 1240, 1244 (8th Cir. 2006) (discussing FDCPA case removed from state court under federal question jurisdiction); *Hickman v. Alpine Asset Mgmt. Grp., LLC*, 919 F. Supp. 2d 1038, 1043 (W.D. Mo. 2013) (same).

7. Moreover, 15 U.S.C § 1692k(d) of the FDCPA states that "[a]n action to enforce any liability created by this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy…within one year from the date on which the violation occurs." Medicredit will also rely on the FDCPA because Plaintiff files suit against Medicredit in bad faith and for purposes of harassment. *See* 15 U.S.C. § 1692k(a)(3).

8. Medicredit's Notice of Removal is properly before the Court pursuant to 28 U.S.C. § 1441(a). This Notice of Removal is timely because it is filed within 30 days of Medicredit being served with Plaintiff's Complaint. *See* 28 U.S.C. § 1446(b).

9. Pursuant to 28 U.S.C. § 1446(d), Medicredit will promptly notify Plaintiff's counsel in writing of the filing of this Notice, and Medicredit will file a copy of this Notice with the Clerk of the Judicial Circuit of Boone County, Missouri.

WHEREFORE, Defendant Medicredit, Inc. respectfully notifies the Court that the State Court Action pending against Medicredit has been removed in accordance with the foregoing statutory provisions.

Dated: May 23, 2018

Respectfully Submitted,

SPENCER FANE LLP

/s/ Olawale O. Akinmoladun
Olawale O. Akinmoladun    MO #63442
1000 Walnut Street, Suite 1400
Kansas City, MO 64106-2140
Phone:  (816) 474-8100
Fax:    (816) 474-3216
wakinmoladun@spencerfane.com
**ATTORNEY FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that, on this 23rd day of May, 2018, I electronically filed the foregoing through the Court's CM/ECF system, and served a copy via e-mail and first class mail, postage prepaid, to:

Joel S. Halvorsen
Gregory M. Klote
HALVORSEN KLOTE
680 Craig Road, Suite 104
St. Louis, MO 63141
**ATTORNEYS FOR PLAINTIFF**

/s/ Olawale O. Akinmoladun
An Attorney for Defendant
Medicredit, Inc.