IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| PAMELA BELMONT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 2:18-cv-04102-BCW |
| v. ) | |
| ) | |
| MEDICREDIT, INC. ) | |
| ) | |
| Defendant. ) | |

## MEDICREDIT INC.'S MOTIONS *IN LIMINE* I-XI

COMES NOW Defendant Medicredit, Inc. ("Medicredit"), and moves this Court to enter an Order pursuant to these Motions *in Limine*, instructing Plaintiff's attorneys, and through said attorneys Plaintiff and Plaintiff's witnesses in this case, not to refer to, make any statement concerning, ask any questions pertaining to, or allude to, or put before the Court in any form or manner whatsoever, directly or indirectly, any of the matters listed herein.

### INTRODUCTION

Plaintiff, Pamela Belmont, ("Plaintiff") has alleged that Medicredit violated the Fair Debt Collection Practices Act ("FDCPA," 15 U.S.C. § 1692, et seq.) during two phone calls on April 6, 2018. *See generally* [ECF Doc. 1-1]. Medicredit denies the allegations. *See generally* [Doc. 3]. The essential facts related to this case were presented to the Court and uncontroverted by the Plaintiff. Plaintiff's husband incurred a medical debt during a hospital visit in July, 2015. At that time, Plaintiff identified herself as guarantor for the fees and costs incurred for the treatment. Plaintiff's husband passed away in May, 2017. Thereafter, the hospital sought recovery of the 2015 debt from the Plaintiff/guarantor. On January 8, 2018, Medicredit issued a letter addressed to Plaintiff at her home. Plaintiff contacted Medicredit on January 17, 2018 and informed

SL 2943060.1

Medicredit that her husband had died. On March 28, 2018, Medicredit issued a second letter to Plaintiff. On April 6, 2018, Plaintiff called Medicredit, twice. Those two calls were recorded and are the only communications Plaintiff alleges violated the FDCPA [Doc. 1-1, ¶ 14]. Plaintiff filed the Complaint on April 25, 2018.

## ARGUMENT

### I. Plaintiff Should Be Limited To Issues Encompassed By The Complaint.

The issues tried to the Jury should be limited to those encompassed by Plaintiff's Petition [ECF Doc. 1-1] and Defendant's Answer to Plaintiff's Petition [ECF Doc. 3]. Defendant objects to and oppose trying any additional issues or theories. *See* Fed. R. Evid. 403.

### II. Discussion Of Actual Damages Should Be limited to "lost time."

Plaintiff has alleged she is entitled to "actual damages." "statutory damages," "costs," and "reasonable attorney fees." [ECF Doc. 1-1, Page 7, and 8]. Plaintiff has alleged she is entitled to "actual damages." "statutory damages," "costs," and "reasonable attorney fees." [ECF Doc. 1-1, Page 7, and 8]. Plaintiff alleges only that she has actual damages of "lost time incurred by Plaintiff" [ECF Doc. 1-1, Paragraph 36]. Plaintiff has produced no documents and has not identified any witnesses to support her damage claim. Therefore, Plaintiff should not be allowed to present any testimony beyond "lost time" related to the two phone calls with Medicredit. *See* Fed. R. Evid. 401, 403.

### III. Discussion Of Plaintiff's Hardships Should Be Excluded.

Any reference or mention of hardship related to Plaintiff, whether related to her husband, financial, medical or otherwise, which is irrelevant to the issues before the Court, highly prejudicial to Medicredit, and improper. *See* Fed. R. Evid. 401, 403.

2

### IV. Discussion Of Punitive Or Exemplary Damages Should Be Excluded.

Any reference or mention of punitive or exemplary damages, as Plaintiff has failed to plead and does not have sufficient proof to support claims regarding the same, or any reference or argument that the purpose of trial is to "send a message" or to punish Medicredit. Here, Plaintiff has expressly limited her damages claim to her actual damages and statutory damages. Accordingly, any evidence or testimony regarding punitive damages is clearly irrelevant under Federal Rule of Evidence 401 and "unfairly prejudicial" under Federal Rule of Evidence 403. *See* Fed. R. Evid. 401, 403.

### V. Medicredit's Financial Condition Should Be Excluded.

Any reference or mention of the size, financial condition or net worth of Medicredit, as any such evidence is irrelevant to any material issue in this case and would, therefore, only serve to unfairly prejudice Medicredit. *See* Fed. R. Evid. 401, 403. The consideration of a defendant's net worth or financial condition is only appropriate when a plaintiff has offered proof to support a submissible claim for punitive damages. Here, because Plaintiff has offered no such proof and has, in any event, abandoned her claims for punitive damages, there is no relevant basis for any evidence or testimony regarding the size, financial condition or net worth of Medicredit, let alone a basis which is not substantially outweighed by the unfair prejudice to Medicredit that would result therefrom. *See* Fed. R. Evid. 401, 403.

### VI. Medicredit's Litigation History Should Be Excluded.

Any reference or mention to other lawsuits, claims, investigations, regulatory actions, or settlements involving Medicredit. Any evidence or testimony on these topics is irrelevant under

Federal Rule of Evidence 401, "unfairly prejudicial" under Federal Rule of Evidence 403 and inadmissible hearsay.

### VII. Medicredit's Insurance Coverages Should Be Excluded.

Any reference or mention of insurance coverage, the procurement of insurance on behalf of Medicredit, or the fact that Medicredit is insured is inadmissible, irrelevant, and would serve only to prejudice the Court against Medicredit. Any evidence or testimony on these topics is irrelevant under Federal Rule of Evidence 401, "unfairly prejudicial" under Federal Rule of Evidence 403 and inadmissible hearsay. *See* Fed. R. Evid. 401, 403, 411.

### VIII. These Motions Or Any Motions Filed During Discovery Should Be Excluded.

Any reference to the filing of these motions *in limine*, discovery motions or any other motions presented to this Court, the arguments in connection therewith, or any ruling by the Court in response thereto, as well as any suggestion that Medicredit has moved to prohibit the production of evidence on any matter, should be prohibited at trial. Any reference or mention of the fact that Plaintiff would like to have presented certain facts or evidence but was prevented from doing so by Medicredit, should not be allowed as such comments would be irrelevant and unfairly prejudicial to Medicredit to the extent that any probative value from such comments would be substantially outweighed.

### IX. Plaintiff Should Be Precluded From Presenting Evidence Of That Medicredit Violated Any Policies Or Procedures.

Medicredit believes that Plaintiff will attempt to create issues of perceived misconduct on the part of Medicredit by conflating the policies and procedures obtained in discovery. Medicredit seeks to exclude assertions that any conduct committed by any Medicredit or its employees violated any policies or procedures maintained by Medicredit. Whether or not such

4

SL 3532931.1

Case 2:18-cv-04102-BCW   Document 65   Filed 09/19/19   Page 4 of 6

events took place have no relevance or bearing on the issues that are to be tried in this case, that is, whether or not any alleged conduct violated the FDCPA. *See* Fed. R. Evid. 401, 403.

**X.     Plaintiff Should Be Precluded From Presenting Medicredit's Policies Or Procedures Into Evidence.**

Following a protracted dispute before the Court, Medicredit was ordered to produce "Medicredit's policies and procedures, and communications between Medicredit and the original creditor as they relate to the subject debt." (ECF Doc. 35, p. 4). Plaintiff had argued that they were vital to the prosecution of her case. Despite the plea, and the success in obtaining the documents, Plaintiff failed to rely on a single page of the produced documents in defense of the Motion for Summary Judgment filed in this case. As previously argued, none of the issues Plaintiff to access these documents, nor any of the documents, are related to the legally relevant facts of the case or the pleadings. The documents produced were not contemplated in the Complaint and were not raised in Medicredit's affirmative defenses. *See* Fed. R. Evid. 401, 403.

Medicredit further objects to the submission of these documents into Evidence because the information contained in those documents is private, proprietary, trade secret and/or otherwise confidential and not subject to public disclosure.

**XI.     Plaintiff Should Be Precluded From Discussing Mediation Or Settlement Discussions.**

Medicredit believes that Plaintiff will attempt to discuss the mediation and early settlement discussions between the parties. Medicredit seeks to exclude any discussion of the mediation, positions taken during the mediation or positions discussed in early settlement discussions. Whether or not the parties discussed settlement has no relevance or bearing on the issues that are to be tried in this case. *See* Fed. R. Evid. 401, 403, 408.

WHEREFORE, Defendant Medicredit, Inc. prays that this Court enter an Order barring all parties to this action, their attorneys and their witnesses from making any direct or indirect mention whatsoever at trial of the subject matters outlined herein and to further bar all parties to this action, their attorneys and their witnesses from introducing any evidence at trial on these matters.

Respectfully submitted,

**SPENCER FANE LLP**

**DATED: September 23, 2018**   /s/ *John D. Ryan*
John D. Ryan, MO #51944
1650 N. Kingshighway, Suite 204
Cape Girardeau, MO 63701
Telephone (573) 334-5449
jryan@spencerfane.com

Olawale O. Akinmoladun  MO #63442
1000 Walnut Street, Suite 1400
Kansas City, MO 64106-2140
Phone:    (816) 474-8100
Fax:        (816) 474-3216
wakinmoladun@spencerfane.com
**Attorneys for Medicredit**

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing through the Court's CM/ECF system which will send notification to the following counsel of record:

Joel S. Halvorsen
Gregory M. Klote
HALVORSEN KLOTE
680 Craig Road, Suite 104
St. Louis, MO 63141
**ATTORNEYS FOR PLAINTIFF**

/s/ *John D. Ryan*
**Attorney for Medicredit, Inc.**